UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DECARLOS L. JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:14CV00132 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Decarlos L. Johnson, a person in federal custody. On June 24, 2013, pursuant to a plea agreement, Decarlos Johnson pled guilty to four counts of distribution of a substance containing a detectable amount of cocaine base. On September 23, 2013, this Court sentenced Johnson to the Bureau of Prisons for a term of 151 months, the mandatory minimum sentence. Johnson's § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

## **FACTS**

**A. The Indictment.**

On February 28, 2013, a federal grand jury in the Eastern District of Missouri, Southeastern Division, returned an indictment against DeCarlos L. Johnson, charging him with four counts of Distribution of Cocaine Base in violation of Title 21, United States Code, § 841(a)(1). (Case No. 1:13CR00021 SNLJ.) Johnson was arrested and made his

initial appearance before United States Magistrate Judge Lewis M. Blanton on March 20, 2013. The Federal Public Defender's office was appointed to represent Johnson, and Assistant Federal Defender Michael Skrien ("AFPD Skrien") subsequently filed an Entry of Appearance. AFPD Skrien appeared on behalf of Johnson at an arraignment on March 25, 2013, and Johnson entered a plea of not guilty to the charges. Judge Blanton set Johnson's pretrial motions hearing for April 17, 2013.

**B. Pretrial Motions.**

On April 16, 2013, AFPD Skrien filed a waiver of Johnson's right to file pretrial motions. On April 24, 2013, Johnson appeared before Judge Blanton and waived his right to file pretrial motions. After that waiver, this Court set Johnson's case for a plea hearing on June 24, 2013.

**C. The Plea Agreement.**

Johnson and the Government reached a plea agreement that was reduced to writing. The plea agreement sets out the parties' bargain and understandings as to the disposition of Johnson's case.

Johnson agreed to plead guilty to all four counts in the indictment. In the agreement, the parties recommended that Johnson qualified as a Career Offender pursuant to U.S.S.G. Sec. 4B1.1. Accordingly, the parties recommended that the Base Offense Level was 32. The plea agreement explicitly set forth that "[t]his joint recommendation is in exchange for the government agreeing to refrain from filing a notice of enhancement pursuant to 21 U.S.C. Sec. 851 for the defendant's prior felony controlled substance conviction," which, as both parties acknowledged, would have

2

raised the Base Offense Level to 34. The parties further recommended that three levels should be deducted for acceptance of responsibility, resulting in a Total Offense Level of 29.

Johnson waived his right to appeal any sentencing issues if sentenced within the applicable Sentencing Guidelines range. Johnson further agreed to waive his right to file any post-conviction pleading, including a § 2255 petition, except for claims of prosecutorial misconduct or ineffective assistance of counsel. That waiver was set out as follows:

> The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United State Code, Section 3582 and Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**D. Guilty Plea Hearing.**

Johnson and his attorney, AFPD Skrien, appeared before this Court on June 24, 2013. Johnson signed the Plea Agreement and pled guilty to all four counts in the indictment. A sentencing hearing was scheduled for September 23, 2013.

**E. The Presentence Investigation Report.**

After the plea, this Court ordered that a Presentence Investigation Report (P.S.R.) be prepared. United States Probation Officer Sherry L. Persinger prepared that report for the Court. As anticipated by the parties in the plea agreement, the P.S.R. found that Johnson did indeed qualify as a Career Offender. The Guidelines Manual provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

3

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. Section 4B1.1(a).

The P.S.R. identified three qualifying controlled substance offenses serving as Career Offender predicates: (1) a conviction for Possession of a Controlled Substance With Intent to Distribute, from the Circuit Court of Pemiscot County, Missouri, in Case No. 34R059900318-02; (2) a conviction for Sale of a Controlled Substance, from the Circuit Court of Pemiscot County, Missouri, in Case No. 01CR754102-01; and (3) a conviction for Trafficking in the First Degree, from the Circuit Court of Pemiscot County, Missouri, in Case No. 07F2-CR00423-01. The P.S.R. concluded, consistent with the recommendation of the parties in the Plea Agreement, that Johnson was a Career Offender. Pursuant to U.S.S.G. Section 4B1.1(b), the criminal history category was determined to be VI. Based on a total offense level of 29 and a criminal history category of VI, the applicable guideline imprisonment range was determined to be 151 to 188 months.

No objections were filed to the P.S.R. by either party. Johnson filed his "Acceptance to the Presentence Investigation Report" on September 6, 2013.

**F. Sentencing Hearing.**

On September 23, 2013, this Court sentenced Johnson to concurrent terms of imprisonment of 151 months on each of the four counts, followed by three years of supervised release. The sentence imposed was at the bottom of the applicable guideline range.

**G. The Appeal.**

Johnson did not appeal his conviction or sentence.

**H. Petition for Post-Conviction Relief Pursuant to § 2255.**

On September 19, 2014, Johnson filed his motion under 28 U.S.C. § 2255 (or, in the alternative, a motion under 18 U.S.C. 3582(c)(2)). In the motion, Johnson asserts that AFPD Skrien rendered ineffective assistance of counsel in that "[c]ounsel did not inform me of the nature of the plea. I did not know nor was I made aware that there were waiver clauses of any appeals and modifications pursuant to any change in the drug laws." It appears Johnson's complaint is based upon his belief that, because of an appeal waiver in the plea agreement, he is now barred from seeking a modification of his sentence following the enactment of a purportedly favorable amendment to the sentencing guidelines. Johnson's claim is without merit.

## APPLICABLE LAW

**A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF**

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled

5

to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.*, at 225-6. *See also, United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995) *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was

6

deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027,

7

quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

## DISCUSSION

### Ineffective Assistance of Counsel claim is without merit

In his motion under 28 U.S.C., § 2255, Johnson asserts that AFPD Skrien rendered ineffective assistance of counsel in that "[c]ounsel did not inform me of the nature of the plea. I did not know nor was I made aware that there were waiver clauses of any appeals and modifications pursuant to any change in the drug laws." In his "Affidavit in Support" of the motion, Johnson proceeds to complain that he "was not even aware that the laws were pending to modify the drug level by reducing them two levels for all drug offenses." Johnson asserts that he "is not able to seek any modification as Amendment 782 has now been made into law and will be enacted on November 1st 2014."

Although Johnson's petition was filed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. Section 2255, it appears Johnson is actually seeking a reduction of his sentence under 18 U.S.C. Section 3582(c)(2). Regardless, Amendment 782 is simply inapplicable to Johnson's sentence.

### Amendment 782 does not apply to Johnson's sentence

On April 30, 2014, the United States Sentencing Commission (hereinafter "Commission") promulgated Amendment 782, which became effective on November 1, 2014. The Amendment revised the Drug Quantity Table in U.S.S.G. Section 2D1.1,

8

reducing by two levels the offense level applicable to many drug trafficking offenses. Although the Commission voted to make Amendment 782 retroactively applicable to previously sentenced defendants, it does not apply to Johnson's sentence. Johnson's sentence was not based on the quantity of cocaine involved in his convictions under U.S.S.G. Section 2D1.1, but rather on his status as a Career Offender under U.S.S.G. Section 4B1.1.

In *United States v. Harris*, 688 F.3d 950 (8th Cir. 2012), the Eighth Circuit considered whether a defendant convicted of distribution of cocaine base was eligible for a reduced sentence based on amendments to the crack cocaine guidelines. At issue in that case was Amendment 750 to the Sentencing Guidelines, which reduced the offense levels listed in U.S.S.G. Section 2D1.1 for certain crack cocaine offenses. The *Harris* Court found that, because of the defendant's status as a Career Offender, he was not eligible for a sentence reduction. The Court explained that since the sentence was based on the applicable offense level found in the Career Offender provisions of Section 4B1.1, as opposed to the offense level found in the drug quantity table of Section 2D1.1, the Amendment could not be applied to the sentence. *Id.*, at 952-53. *See also, United States v. Reeves*, 717 F.3d 647 (8th Cir. 2013).

The same analysis applies here. Johnson has never disputed his status as a Career Offender. The sentence in his case was based on the offense level found in Section 4B1.1, not on the drug quantity table of Section 2D1.1. Accordingly, Johnson is not eligible for a reduction in his sentence.

**CONCLUSION**

The records and files in this case conclusively establish that Johnson is not entitled to relief. Johnson has failed to satisfy either prong of the *Strickland* test. First, Johnson has failed to show that his counsel's performant was deficient. AFPD Skrien cannot be said to have rendered ineffective assistance of counsel for failing to predict a future enactment by the Sentencing Commission. But even assuming, *arguendo*, that this did somehow constitute ineffective assistance, the enactment of Amendment 782 would not apply to Johnson's sentence. Thus, Johnson has failed to establish prejudice. For these reasons, the motion is **DENIED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Johnson has not made a substantial showing of the denial of a federal constitutional right.

**SO ORDERED** this 23rd day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE